323 So.2d 118

**James E. HANES, alias**

v.

**STATE.**

**3 Div. 364.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

Clyde A. Smith, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Kermit M. Downs, Asst. Atty. Gen., for the State.

SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, an indigent here and at nisi prius, was indicted in two counts: (1) Burglary of an uninhabited dwelling house and; (2) Grand larceny. He entered pleas of not guilty and not guilty by reason of insanity. Jury and general verdict of guilt. The court thereupon sentenced him to nine years imprisonment.

It appears from the record that considerable evidence was adduced in support of defendant's plea of insanity. We briefly allude to some of the evidence; many details are omitted. Defendant at this time of trial was thirty-two years of age. He had his first brush with the law when he was seven years of age. He, was taken from a foster home to another, and then to the juvenile court; then committed to the Boy's Industrial Home in Birmingham when he was ten years of age. There he stayed until he was seventeen. He ran away from the home about twenty times. He broke into a house and was sent to Draper Prison. The record discloses a long series of crimes, in and out of prison, on felony charges. Twice he tried to commit suicide, and twice was committed to Bryce's Hospital for mental treatment.

The record shows a history of mental instability. A state clinical psychologist, well qualified, testified at length about defendant's mentality; that he knew right from wrong; that he could not always adhere to the right; that he has a psychopathic personality.

The trial court orally charged the jury on several aspects of insanity as a legal defense; he gave several written charges, some requested by the State and others by defendant, which further elucidate the law of insanity.

The trial court in its oral charge further instructed the jury as follows:

"Now, ladies and gentlemen of the jury, under his (defendant's) plea of insanity at the time of the commission of the alleged offense, in the event you should return a verdict of not guilty by reason of insanity, he won't be sent back to Bryce's, nor will he be sent to any other mental institution. He will be a free man." (Emphasis ours).

The defendant duly excepted to the afore quoted observations of the court.

We think the court's remarks as to the effects or results of a jury verdict acquit-

ting defendant on the plea of insanity were of such prejudicial import as to support a reversal of the judgment and a remand of the cause. The effect of these comments was to influence the jury to find defendant guilty lest he go forth a free man to impose on society in criminal activities as he was wont to do, according to the evidence, during his juvenile life and adulthood.

Title 15, § 429, Recompiled Code, 1958, provides that the court may under certain conditions order this defendant taken into safe custody and his confinement in Alabama State hospital. The court did not inform the jury of this available procedure, but left the impression that the defendant would be left to go free and unfettered if the jury determined him not guilty by reason of insanity.

We hold that the court's observation had, supra, an unfair and chilling impact, or was reasonably calculated to do so, on the jury's assessment of the plea of insanity.

The judgment is reversed and the cause is remanded.

The forgoing opinion was prepared by Honorable Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Reversed and remanded.

All the Judges concur.